IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHERRY LEI JOHNS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:11-CR-9 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2241 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Sherry Lei Johns' Petition for Writ of Habeas Corpus. Doc. 38. Although the petition has been docketed as a Motion to Vacate pursuant to 28 U.S.C. § 2255, Petitioner's habeas petition is not an attempt to vacate, set aside, or correct her sentence. Rather, Petitioner argues that she is currently unlawfully detained because Bureau of Prisons Director Harley Lappin refuses to implement the Second Chance Act of 2007, which allows federal prisoners to enter Pre-Release Residential Re-Entry Center Placements during the final twelve months of their sentences. Specifically, Petitioner argues that the Second Chance Act requires the Bureau to review inmates' eligibility for pre-release placements earlier than is provided in current Bureau policy. Petitioner requests that the Court order the Bureau to review her eligibility for pre-release placement.

As Petitioner correctly states in her petition, a petition for writ of habeas corpus challenging the manner in which a sentence is executed must be brought under Section 2241, not Section 2255. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 (11th Cir. 2008). A Section 2241 petition must be brought in the district court for the district in which the inmate is incarcerated. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Because

Petitioner is incarcerated in Illinois, this Court does not have jurisdiction to consider Petitioner's Section 2241 habeas corpus petition. Accordingly, it is hereby **RECOMMENDED** that Petitioner's habeas corpus petition be **DISMISSED**.

## CONCLUSION

Because the Court does not have jurisdiction to consider Petitioner's Section 2241 habeas corpus petition, it is hereby **RECOMMENDED** that the instant petition be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 16th day of January, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge